UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
*********************************************
JADA SCALI,

                        Plaintiff,

-vs-                                    **COMPLAINT WITH
JURY DEMAND**

**EUCHNER-USA, INC., MICHAEL LADD,**      Civil Action No. 5:11-CV-463
                                                               (GLS/DEP)
                        Defendants.
*********************************************

       The Plaintiff, JADA SCALI, by and through her attorneys, SAUNDERS KAHLER, L.L.P., complaining of the Defendant above-named, as and for her cause of action alleges as follows:

### PARTIES

       1.    Plaintiff, Jada Scali, (hereinafter "Plaintiff"), is a resident of the City of Virginia Beach and State of Virginia.

       2.    Upon information and belief, Defendant Euchner-USA, Inc. ("Defendant Euchner") is a New Jersey corporation duly authorized and is conducting business as a foreign business corporation in the County of Onondaga and State of New York.

       3.    Upon information and belief, Defendant Michael Ladd ("Defendant Ladd") is currently employed as the Chief Executive Officer of Defendant Euchner at the office located 6723 Lyon Street, East Syracuse, New York 13057.

### JURISDICTION

       4.    Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

       5.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332(a) and 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391(a) and (b) as, upon information and belief, all Defendants reside in the United States District Court of the Northern District of New York, and a substantial portion of the events or omissions giving rise to the claims occurred in said district.

## FACTS

7. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

8. Upon information and belief, Defendant Euchner is a design, development and manufacturer of switch gear for controlling a wide variety of motion sequences in mechanical systems and engineering. In addition, Defendant Euchner provides educational seminars concerning its products and machine guarding safety. Its products include, but are not limited to, safety products, automation products, machine accessories, Werma products and ASO accessories.

9. On or about February 12, 2008, Plaintiff was hired by Defendant Euchner as a Northeast Regional Manager at a starting salary of Fifty Thousand and 00/100 Dollars ($50,000.00). Plaintiff was provided with a written job description and her understanding of the job was that she was to educate and provide written information and training, as well as sample products, to independent regional sales representatives and distributors of Euchner products within the Northeast sales territory to encourage the independent regional sales representatives and distributors to sell Defendant Euchner products.

10. Plaintiff is a 2004 graduate of Syracuse University with a bachelors of science in Mechanical and Biological Engineering.

11. At the time Plaintiff was hired by Defendant Euchner, there were four (4) other males who were Regional Managers ("Regional Managers"). Upon information and belief, three

(3) of the four (4) Regional Managers made a base salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) and one made a base salary of One Hundred Thousand and 00/100 Dollars ($100,000.00). Upon information and belief, none of the regional sales managers had Plaintiff's educational background.

12. Upon information and belief, as an employee, Plaintiff qualified for Defendant Euchner's 401(k) plan, health insurance plan and annual bonus plan based upon annual sales. In addition, Plaintiff was granted paid vacation, personal days and paid sick leave. Plaintiff was reimbursed for travel expenses, hotels, meals and mileage.

13. Upon information and belief, Defendant Ladd is the CEO of Defendant Euchner and hired Plaintiff to work for Defendant Euchner in February of 2008.

14. Beginning in March of 2008, and continuing through May of 2008, Defendant Ladd began sexually harassing Plaintiff through a series of inappropriate and harassing conduct towards Plaintiff, including, but not limited to, making crude and sexually charged remarks in front of her, frequently rubbing her shoulders, touching her back, and placing his hand on her legs; asking about the status of her personal relationships; and commenting on her physical features.

15. Based upon Defendant Ladd's conduct Plaintiff found the workplace intimidating, hostile, abusive and offensive, however, as Plaintiff had just been recently hired for the job, she felt she could not do anything about it.

16. Upon information and belief, Defendant Euchner did not maintain a workplace anti-harassment policy and if it did, it was not circulated and made available to employees.

17. Other employees and the independent sales representatives and distributors within Plaintiff's territory began noticing Defendant Ladd's conduct towards Plaintiff and began commenting to Plaintiff about it being inappropriate. In April of 2008, while on a business trip

with Plaintiff, Defendant Ladd received a call on his cell phone from his wife (who is also an employee of Defendant Euchner) stating "you're just on a business trip to be with her. You need to do something about her".

18. In May of 2008, Plaintiff could no longer accept the hostile working environment created not only the Defendant Ladd's unprofessional, offensive and unwelcomed conduct, but the treatment she was receiving from co-workers and the independent regional sales representatives and distributors who falsely believed she was engaged in a relationship with Defendant Ladd and was receiving preferential treatment.

19. In May of 2008, Plaintiff spoke to Defendant Ladd about his unprofessional, offensive and unwelcomed conduct. Defendant Ladd acknowledged the unprofessionalism and inappropriateness of his conduct and advised it would cease.

20. As a result of Plaintiff complaining to Defendant Ladd about the hostile work environment created by his conduct and the resultant treatment of her by other employees and independent regional sales representatives and distributors, Defendant Ladd retaliated against Plaintiff by changing the terms and conditions of her employment including, but not limited to, criticizing Plaintiff's work, not meeting with Plaintiff on an individual basis but always with Defendant Euchner's accountant present, questioning her travel, telephone and expense accounts, requiring Plaintiff to be in the office in the morning after traveling, although other Regional Managers were not required to do so, and questioning her work quality.

21. In June of 2008, Defendant Ladd advised Plaintiff her presence in the office was "upsetting other employees" and "creating issues" among other employees. Defendant Ladd attempted to force Plaintiff to quit. When Plaintiff would not quit, Defendant Ladd advised Plaintiff if she wished to remain with Defendant Euchner, she would have to become an

independent contractor who did not work at the corporate office.

22. In late June of 2008, under the threat of losing her job, Defendant Euchner unlawfully and with discriminatory intent terminated Plaintiff as an employee and fraudulently, unwillingly and wrongfully coerced Plaintiff into entering into an Independent Sales Manager Representative Agreement effective July 1, 2008 (the "Sales Manager Agreement"). Pursuant to the terms of the Sales Manager Agreement, Plaintiff, among other matters,

a) Had no authority to enter into any contracts or make commitments on behalf of Defendant Euchner;
b) Was required to submit monthly reports as to the status of her work;
c) Was required to attend certain designated tradeshows, make designated product presentations and sales calls as required by Defendant Euchner;
d) Was required to abide by all sales policies and operating regulations of Defendant Euchner;
e) Was not permitted to represent, promote or otherwise try to sell within her territory other lines or products that, in Defendant Euchner's sole judgment, competed with the products covered under the Sales Manager Agreement;
f) Was not permitted to contract with any other product line for the first eighteen (18) months of the Sales Manager Agreement;
g) Retained the right to charge back on commissions of sales credited to Plaintiff in her territory;
h) Provided Plaintiff with a laptop and equipment to be distributed to independent sales representatives for demonstration;
i) Maintained ultimate control if Plaintiff was to hire employees, including for political or financial reasons; and
j) Required Plaintiff to provide it with full access to her books and records.

Essentially, Plaintiff's duties under the Sales Manager Agreement were identical to those as an employee, except Plaintiff did not work in the office and paid her own expenses.

23. As a result of Defendant Euchner terminating Plaintiff's employment and improperly and unlawfully classifying Plaintiff as an independent contractor rather than an employee, Plaintiff did not have unemployment insurance, workers' compensation/disability insurance, employer contributions to social security, paid time off benefits (vacation, sick time), health insurance, 401-k contributions or any other employee benefits Plaintiff was entitled to.

24. As a result of Defendant Euchner terminating Plaintiff's employment and improperly and unlawfully classifying Plaintiff as an independent contractor rather than an employee, Plaintiff was required to pay additional taxes and her own expenses, including travel, hotels, and preparing materials for presentation under the Sales Manager Agreement.

25. Upon information and belief, each of the other male Regional Managers had the same job duties and responsibilities as Plaintiff yet remained employees of Defendant Euchner.

26. Plaintiff became pregnant in March of 2010.

27. Plaintiff advised some of the independent regional sales distributors of her pregnancy beginning in May of 2010.

28. Upon information and belief, Plaintiff's performance for 2009 and for the beginning of 2010 was in compliance with the goals established by Defendant Euchner and there were no issues with her performance.

29. Upon information and belief, in July or August of 2010, Defendant Ladd was advised that Plaintiff was pregnant.

30. In spite of Plaintiff's performance, on or about August 27, 2010, after Defendant Ladd learned of Plaintiff's pregnancy, Defendant Euchner provided notice to Plaintiff the independent Sales Manager Agreement would be terminated effective September 30, 2010.

31. Upon information and belief, Defendant Euchner, through Defendant Ladd, terminated the Sale Manager Agreement and, in fact, her common law employment with Defendant Euchner effective September 30, 2010.

### AS AND FOR A FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT AGAINST DEFENDANT EUCHNER AND DEFENDANT LADD (AS AN AIDER AND ABETTOR) PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW §296 (NEW YORK HUMAN RIGHTS LAW)

32. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

33. Plaintiff is female. Plaintiff was subjected to sexual discrimination by reason of unlawful sexual harassment creating a hostile work environment.

34. Defendant Ladd engaged in inappropriate conduct including, but not limited to, making crude and sexually charged remarks in front of her, inappropriately touching her shoulders, back and legs; inquiring about the status of her personal relationships and commenting on her physical features.

35. Based upon Defendant Ladd's conduct, Plaintiff found the workplace intimidating, hostile, abusive and offensive.

36. The unlawful sexual harassment was severe and pervasive enough to alter the terms and conditions of Plaintiff's employment with Defendant Euchner.

37. The unlawful sexual harassment unreasonably interfered with Plaintiff's work performance.

38. Defendant Euchner knew or should have know of the sexual harassment and failed to take sufficient remedial action.

39. Defendant Euchner, by the conduct of Defendant Ladd, approved, encouraged and condoned the hostile work environment and, upon information and belief, had done so for quite some time. Upon information and belief, Defendant Euchner failed to maintain and publish a workplace anti-harassment policy and Plaintiff had no meaningful way of complaining of Defendant Ladd's conduct.

40. Defendant Ladd actively participated in the unlawful sexual harassment which created a hostile work environment based upon Plaintiff's gender, therefore acting as an aider and

abettor in Defendant Euchner's sexual discrimination against Plaintiff.

41. Based upon the foregoing, Defendant Euchner and Defendant Ladd, as an aider and abettor, intentionally discriminated against Plaintiff based upon her sex by knowingly and intentionally creating, approving, encouraging and/or condoning an intimidating, hostile and offensive work environment for Plaintiff, which altered and modified the terms and conditions of her employment with Defendant Euchner, which ultimately resulted in terminating her as an employee and unlawfully misclassifying her as an independent contractor.

42. As a result of the intentional and willful discrimination by Defendants, Plaintiff has suffered damages, including, but not limited to, back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages as allowed by law.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT EUCHNER FOR DISPARATE TREATMENT PURSUANT TO NEW YORK STATE EXECUTIVE LAW §296 (NEW YORK HUMAN RIGHTS LAW)

43. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

44. While employed by Defendant Euchner, both as an employee and as a common law employee, and being improperly and unlawfully classified as an independent contractor, Plaintiff suffered adverse employment actions, including, but not limited to, being paid wages and benefits less than employees of the opposite gender for jobs that required substantially equal skill, effort and responsibility and that were performed under similar working conditions, including, but not limited to the fact four (4) men with similar job titles made significantly more money than Plaintiff.

45. Plaintiff additionally suffered adverse employment actions based upon her sex by being the only Regional Manager to be terminated as an employee and unlawfully forced to enter into an agreement misclassifying her as an independent contractor rather than an employee, denying

her benefits and wages earned by other male employees.

46.  Defendant Euchner therefore discriminated against Plaintiff on the basis of sex.

47.  As a result of the intentional and willful discrimination by Defendant Euchner, Plaintiff has suffered damages, including, but not limited to, back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages as allowed by law.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT LADD, AS AN AIDER AND ABETTOR, PURSUANT TO NEW YORK STATE EXECUTIVE LAW §296 (NEW YORK HUMAN RIGHTS LAW)

48.  Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

49.  Defendant Ladd actively participated in the adverse employment actions of Plaintiff, including, but not limited to, Plaintiff being paid wages less than male employees for jobs that required substantially equal skill, effort and responsibility and were performed under similar working conditions, terminating her employment and forcing her to enter into an agreement to be an independent contractor, which unlawfully misclassified her as an independent contractor, and denying her benefits and wages earned by other male employees.

50.  Defendant Ladd thus acted as an aider and abettor in Defendant's Euchner's discrimination against Plaintiff.

51.  As a result of the intentional and willful discrimination by Defendant Ladd, Plaintiff has suffered damages, including, but not limited to, back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages as allowed by law.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT EUCHNER AND DEFENDANT LADD (AS AN AIDER AND ABETTOR) FOR RETALIATION PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW §296 (NEW YORK HUMAN RIGHTS LAW)

52. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

53. Plaintiff advised Defendant Ladd of his unlawful and unwanted sexual harassment creating a hostile work environment.

54. Defendant Ladd acknowledged his conduct, however, as a result, Plaintiff suffered adverse employment actions, including, but not limited to, criticizing Plaintiff's work, not meeting with Plaintiff on an individual basis but always with Defendant Euchner's accountant present, questioning her phone accounts and expense accounts, requiring Plaintiff to work after traveling, even though other regional managers were not required to do so, questioning her work quality, terminating her employment as an employee and unlawfully and fraudulently coercing Plaintiff to enter into an agreement improperly and unlawfully classifying her as an independent contractor thereby depriving her of all benefits of employees.

55. Based upon the foregoing, Defendant Euchner and Defendant Ladd, as an aider and abettor, retaliated against Plaintiff for objecting to Defendant Ladd's actions in creating a hostile and offensive work environment for Plaintiff.

56. As a result of the intentional and willful discrimination by Defendants, Plaintiff has suffered damages, including, but not limited to, back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages as allowed by law.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT EUCHNER PURSUANT TO 29 U.S.C. §206(a) (FEDERAL EQUAL PAY ACT)

57. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

58. Defendant Ladd, as President/CEO of Defendant Euchner, had responsibility and

authority in regard to the setting of wages and salaries for employees of Defendant Euchner.

59. Upon information and belief, Defendant Euchner and Defendant Ladd did not set salaries and payments for employees pursuant to an organized and structured compensation system based on either seniority, merit, quantity or quality of work or any other legitimate factor other than gender.

60. Instead, Defendant Euchner, through Defendant Ladd, unilaterally and arbitrarily set salaries of employees on an individual case-by-case basis.

61. Plaintiff's job performance as a Regional Manager, and as a common law employee (as the Sales Manager Agreement which unlawfully and improperly classified Plaintiff as an independent contractor was null and void), required substantially equal skill, effort and responsibility as the job performance of all other male Regional Managers.

62. Plaintiff performed her job as a Regional Manager, and as a common law employee, under similar working conditions as the other male Regional Managers.

63. During the time period as a Regional Manager, Plaintiff was paid an annual salary which was significantly less than the annual salary of other male Regional Managers.

64. During the time period as a common law employee (as the Sales Manager Agreement which unlawfully and improperly classified Plaintiff as an independent contractor was null and void), Plaintiff was paid compensation which was significantly less and provided no benefits than the salary and benefits provided to other male Regional Managers

65. Defendant Euchner paid wages, compensation and benefits to Plaintiff that were less than those paid to male employees for jobs that required substantially equal skill, effort and responsibility and that were performed under similar working conditions.

66. Defendant Euchner therefore discriminated against Plaintiff on the basis of sex.


67. Plaintiff is entitled to damages pursuant to the Federal Equal Pay Act, including, but not limited to, loss of wages caused by gender-based wage disparity, pain and suffering and other compensatory damages and attorneys' fees.

68. Defendant Euchner acted intentionally and maliciously in setting Plaintiff's wages, compensation and benefits in a discriminatory manner. Plaintiff is therefore additionally entitled to liquidated damages pursuant to the Federal Equal Pay Act.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT EUCHNER PURSUANT TO NEW YORK LABOR LAW §194 (NEW YORK EQUAL PAY ACT)

69. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

70. Defendant Ladd, as President/CEO of Defendant Euchner, had responsibility and authority in regard to the setting of wages and salaries for employees of Defendant Euchner.

71. Upon information and belief, Defendant Euchner and Defendant Ladd did not set salaries and payments for employees pursuant to an organized and structured compensation system based on either seniority, merit, quantity or quality of work or any other legitimate factor other than gender.

72. Instead, Defendant Euchner, through Defendant Ladd, unilaterally and arbitrarily set salaries of employees on an individual case-by-case basis.

73. Plaintiff's job performance as a Regional Manager, and as a common law employee (as the Sales Manager Agreement which unlawfully and improperly classified Plaintiff as an independent contractor was null and void), required substantially equal skill, effort and responsibility as the job performance of all other male Regional Managers.

74. Plaintiff performed her job as a Regional Manager, and as a common law employee,

under similar working conditions as the other male Regional Managers.

75. During the time period as a Regional Manager, Plaintiff was paid an annual salary which was significantly less than the annual salary of other male Regional Managers.

76. During the time period as a common law employee (as the Sales Manager Agreement which unlawfully and improperly classified Plaintiff as an independent contractor was null and void), Plaintiff was paid compensation which was significantly less and provided no benefits than the salary and benefits provided to other male Regional Managers.

77. Defendant Euchner paid wages, compensation and benefits to Plaintiff that were less than those paid to male employees for jobs that required substantially equal skill, effort and responsibility and that were performed under similar working conditions.

78. Defendant Euchner therefore discriminated against Plaintiff on the basis of sex.

79. Plaintiff is entitled to damages pursuant to the New York Equal Pay Act, including, but not limited to, loss of wages caused by gender-based wage disparity, pain and suffering and other compensatory damages and attorneys' fees.

80. Defendant Euchner acted intentionally and maliciously in setting Plaintiff's wages, compensation and benefits in a discriminatory manner. Plaintiff is therefore additionally entitled to liquidated damages pursuant to the New York Equal Pay Act.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT EUCHNER PURSUANT TO NEW YORK LABOR LAW §194

81. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

82. In July of 2008, Defendant Euchner terminated Plaintiff from employment with Defendant Euchner and wrongfully induced Plaintiff to enter into a Sales Manager Agreement,

which wrongfully and unlawfully characterized Plaintiff as an independent contractor.

83. As a result of the fraudulent and wrongful inducement of Plaintiff to enter into the Sale Manager Agreement, said Sales Manager Agreement was null and void and without legal effect, and Plaintiff was a common law employee and an employee as defined in New York Labor Law §190.

84. Pursuant to Article 6 of New York Labor Law, Defendant Euchner has failed and refused to pay Plaintiff, as an employee, all benefits and wage supplements paid to employees of Defendant Euchner from July 1, 2008 through September 30, 2010.

85. As a result of Defendant Euchner's wrongful conduct, Plaintiff is entitled to payment of all non-ERISA benefits and wage supplements, including, but not limited to, sick time, vacation time, personal days and bonus payments, liquidated damages, costs and attorneys' fees all as provided by law.

### AS AND FOR AN EIGHT CAUSE OF ACTION AGAINST DEFENDANT EUCHNER PURSUANT TO SECTION 206 AND SECTION 207 OF THE FAIR LABOR STANDARDS ACT

86. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

87. From February of 2008 to June 30, 2008, Plaintiff worked as an employee of Defendant Euchner under the title of Regional Manager.

88. In July of 2008, Defendant Euchner wrongfully terminated Plaintiff from employment with Defendant Euchner and wrongfully and fraudulently induced Plaintiff to enter into the Sales Manager Agreement, which wrongfully and unlawfully characterized Plaintiff as an independent contractor.

89. As a result of the fraudulent and wrongful inducement of Plaintiff to enter into the

Sale Manager Agreement, said Sales Manager Agreement was null and void and without legal effect, and Plaintiff was a common law employee and an employee as defined in New York Labor Law §190.

90. Defendant Euchner is an employer as defined by 29 U.S.C. §203(e)(1).

91. Defendant failed and refused to pay wages to Plaintiff and overtime pay as required by §206 and §207 of the Fair Labor Standards Act.

92. As a result, Plaintiff is entitled to unpaid wages, overtime, liquidated damages, costs and attorneys' fees as required by law.

## AS AND FOR A NINETH CAUSE OF ACTION AGAINST DEFENDANT EUCHNER PURSUANT TO NEW YORK LABOR LAW §651 AND §661

93. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

94. From February of 2008 to June 30, 2008, Plaintiff worked as an employee of Defendant Euchner under the title of Regional Manager.

95. In July of 2008, Defendant Euchner terminated Plaintiff from employment with Defendant Euchner and wrongfully induced Plaintiff to enter into a Sales Manager Agreement, which wrongfully and unlawfully characterized Plaintiff as an independent contractor.

96. As a result of the fraudulent and wrongful inducement of Plaintiff to enter into the Sales Manager Agreement, said Sales Manager Agreement was null and void and without legal effect, and Plaintiff was a common law employee and an employee as defined in New York Labor Law §651(5).

97. Defendant Euchner is an employer as defined in New York Labor Law §651(6).

98. Plaintiff is an employee as fined by 12 NYCRR §142-2.14 as she does not fall

within any exception set forth therein.

99. Defendant failed and refused to pay wages to Plaintiff and overtime pay as required by Section 651 of the New York State Labor Law and 12 NYCRR §142.2, et al.

100. Upon information and belief, Defendant Euchner has filed to keep the necessary records as required by Section 661 of the New York Labor Law.

101. As a result, Plaintiff is entitled to unpaid wages, overtime, liquidated damages, costs and attorneys' fees as required by law.

**JURY DEMAND**

102. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

103. Plaintiff hereby demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff prays for an Order and Judgment of the Court:

a. As and for the First Cause of Action against Defendant Euchner and Defendant Ladd (as an aider and abettor), for back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages;

b. As and for the Second Cause of Action against Defendant Euchner for back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages;

c. As and for the Third Cause of Action against Defendant Ladd (as an aider and abettor) for back pay, lost wages and benefits, front pay and/or reinstatement, pain and suffering and compensatory damages;

d. As and for the Fourth Cause of Action against Defendant Euchner and Defendant Ladd (as an aider and abettor) for back pay, lost wages and benefits, front pay and/or

    reinstatement, pain and suffering and compensatory damages;

e. As and for the Fifth Cause of Action against Defendant Euchner for loss of wages, pain and suffering, compensatory damages, liquidated damages and attorneys' fees;

f. As and for the Sixth Cause of Action against Defendant Euchner for loss of wages, pain and suffering, compensatory damages, liquidated damages and attorneys' fees;

g. As and for the Seventh Cause of Action against Defendant Euchner for sick time, vacation time, personal days and bonus payments, liquidated damages, costs and attorneys' fees.

h. As and for the Eighth Cause of Action against Defendant Euchner for unpaid wages, overtime, liquidated damages, costs and attorneys' fees;

i. As and for the Ninth Cause of Action against Defendant Euchner for unpaid wages, overtime, liquidated damages, costs and attorneys' fees; and

j. For such other and further relief as the Court deems just and proper.

Dated: April 19, 2011.

                                                              MERRITT S. LOCKE, ESQ.
                                                              Federal Bar Roll No. 507164
                                                              **Saunders Kahler, L.L.P.**
                                                              Attorneys for Plaintiff – Jada Scali
                                                              185 Genesee Street, Suite 1400
                                                              Utica, New York 13501
                                                              Telephone: (315) 733-0419

## **VERIFICATION**

STATE OF VIRGINIA )
                  )ss.:
COUNTY OF Virginia Beach

    Jada Scali, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

                                                                       _____
                                                                            Jada Scali

Subscribed and sworn to before me
this 19 day of April, 2011.

_____
Notary Public



OFFICIAL SEAL
NOTARY PUBLIC-COMMONWEALTH OF VIRGINIA
DOMENICA BEVACQUA
CITY OF VIRGINIA BEACH
ID # 241578
My Commission Expires
8-31-2012